UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBIN J. KLUTH,

    Plaintiff,

v.                                 CASE NO.:

FLORIDA DELTA
MECHANICAL, INC.,

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBIN J. KLUTH, ("Plaintiff") hereby sues Defendant, FLORIDA DELTA MECHANICAL, INC., ("Defendant"), and alleges as follows:

### Nature of Action

1. This is an action for recovery of unpaid overtime compensation owed to Plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, as amended ("FLSA.").

### Jurisdiction and Venue

2. Jurisdiction in this Court is proper as Plaintiff's claim is brought pursuant to the FLSA to recover back wages, liquidated damages and reasonable attorneys' fees and costs. Jurisdiction over this action is founded upon §216(b) of the FLSA and 28 U.S.C. §1337. The authority of the Court to grant declaratory relief under the FLSA is pursuant to 28 U.S.C. §2201 et seq.

3. The acts and omissions that give rise to this action occurred in Hillsborough County, Florida. Venue is therefore proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §1391(b).

## Parties

4. At all times material hereto, Plaintiff was a resident of the State of Florida, and was employed by Defendant in Hillsborough County, Florida, as a dispatcher.

5. At all times material hereto, Defendant was a Florida corporation registered to do business and existing under the laws of the State of Florida.

6. At all times relevant to this action Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was engaged interstate commerce during employment with Defendant.

## General Allegations

7. Plaintiff, was responsible for the scheduling and coordination of Defendant's work crews to provide plumbing services to Defendant's customers.

8. During the relevant period Plaintiff worked in excess of forty (40) hours in many workweeks.

9. Plaintiff was not paid overtime compensation by Defendant in an amount equal to one and one half times her regular rate of pay for all hours worked in excess of forty (40) per workweek.

10. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I: FLSA (Overtime Compensation)

11. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 10 above.

12. In many workweeks during the relevant period Plaintiff worked in excess of forty (40) hours per week for Defendant. In those workweeks, Plaintiff was not paid overtime compensation by Defendant as is required by §207 of the FLSA.

13. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, for all hours worked in excess of forty (40) within a workweek.

14. As a direct and proximate result of Defendant's failure to pay overtime compensation, Plaintiff has been damaged in the loss of wages due, and has incurred and is incurring costs and reasonable attorneys' fees.

15. Defendant's failure to pay overtime was deliberate, willful and without good faith or any legal justification. Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation, and may seek recovery dating back three (3) years from the filing of this action.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages (unpaid overtime compensation), liquidated damages (double damages) and attorneys' fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

_____
Ronald W. Fraley
Florida Bar No.: 0747025
THE FRALEY FIRM, P.A.
rfraley@fraleylawfirm.com
2525 Park City Way
Tampa, Florida 33609
(813) 229-8300 - Telephone
(813) 871-1495 - Facsimile
Attorney for Plaintiff